IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PREMIER HOSPITALITY GROUP – NEW STANTON II, | Civil Action No. 2:17-cv-00645 |
| Plaintiff/Petitioner, | |
| v. | Magistrate Judge Lisa Pupo Lenihan |
| NAINESH PATEL, | ECF No. 9 |
| Defendant/Respondent. | |

**MEMORANDUM OPINION ON DEFENDANT'S
MOTION TO DISMISS OR TRANSFER**

**I. SUMMATION**

For the reasons set forth below, the June 5, 2017 Motion to Dismiss or Transfer filed by Defendant Nainesh Patel ("Patel"), ECF No. 9, will be denied. The August 10, 2016 Agreement of Purchase and Sale and Joint Escrow Instructions entered into by the parties (the "Agreement") includes "Governing Law and Venue" provisions which clearly grant this Court exclusive federal jurisdiction "for any legal controversy between [them] arising in connection with [said] Agreement." ECF No. 13, Declaration Ex. B, Section 19. The Agreement also contains facially broad "Arbitration of Disputes" provisions requiring the binding arbitration, in the County in which the relevant real property lies (*i.e.*, Westmoreland County, Pennsylvania) of disputes (including disputes/claims as to the Agreement's "interpretation, enforceability, and the arbitrability of disputes"). Id. at Section 11. As the relevant underlying Agreement

1

provisions are not rendered a nullity by Plaintiff's allegations, however colorable, this Court retains specific personal jurisdiction over Plaintiff and is the exclusive federal court forum for claims arising in connection with the Agreement. The "first-filed rule" and Defendant's District Court filings in California and Georgia are consequently non-determinant to this holding. Defendant will be provided an opportunity to respond to Plaintiff's May 8, 2017 Petition for Rule to Show Cause Why [Defendant] Should Not be Compelled to Submit to Arbitration ("Plaintiff's Petition for Rule to Show Cause") (ECF No. 1-2) as set forth in the Court's Order of even date herewith.

## II.  FACTUAL AND PROCEDURAL HISTORY OF RELATED ACTIONS

As duly summarized in Plaintiff's Memorandum of Law in Response and Opposition to Defendant's Motion to Dismiss or to Transfer ("Plaintiff's Memo in Opposition"), ECF No. 13, this action concerns a commercial real estate transaction. More specifically, in June, 2016 Plaintiff, a Pennsylvania limited partnership, auctioned (through an online auctioneer) a Marriott-affiliated hotel which it owned in Westmoreland County, Pennsylvania. ECF No. 13 at 2. When the original high bid was withdrawn, Defendant, a Georgia resident, became the high bidder at a purchase price of $4.83 million and executed the August 10, 2016 Agreement, but failed to timely deposit the 10% "Earnest Money" as required. The parties exchanged further communications detailed in their pleadings and exhibits and non-determinant to this holding. Id. at 2-3. Subsequent to the date specified in the Agreement, on September 8, 2016, Defendant deposited the earnest money to an escrow account in the hands of the

escrow/closing agent, Commonwealth Land Title Insurance Company, in New York, where it remains.  ECF No. 13 at 3.  When the parties' differences regarding completion of the transaction were not resolved, Plaintiff declared Defendant in breach on October 24, 2016 and the hotel property was then sold to another purchaser.  ECF No. 13 at 3-4.

On October 28, 2016, Defendant filed a lawsuit in the District Court for the Central District of California (assertedly the location of the auction house which arranged the electronic transaction, *see* ECF No. 10 at 5) and our sister Court noted the arbitration provisions of the parties' Agreement, dismissed Defendant's claims against Plaintiff for lack of personal jurisdiction, and stayed his claims against Garrison Investment Group, LP ("Garrison") pending the outcome of the principal parties' arbitration.[1]  *See* <u>Nainesh Patel v. Garrison Investment Group, LP et al.</u>, Case No. 8:16-cv-1968-JLS-JCGx (C.D. Cal.) (the "California Action"); ECF No. 13, 5-6 (noting California Court's determination that relief sought for claims arising from communications between Patel and Garrison regarding property is restitution of Patel's earnest money, which may be resolved by arbitration between Patel and Premier), ECF No. 13-2 at 29 (Order Granting Defendants' Motion in California Action and noting – following summation of facts and other assertions - that "resolution of the issues between Patel and Premier in arbitration may conclusively settle the issues between

---

[1] Plaintiff attests that Garrison is an investment management entity that manages funds that have an investment/ownership interest in Premier.  *See* ECF No. 13 at 5, n. 1.  Defendant attests a belief that Garrison is Premier's general partner.  *See* ECF No. 9-2 (Complaint in the Georgia Action) at 2.

3

Patel and Garrison"). Defendant voluntarily dismissed the California action. *See* ECF No. 9-2 at 9.

On November 8, 2016, Plaintiff filed a demand for arbitration with Judicial Arbitration and Mediation Services ("JAMS"), one of two arbitration entities designated in the Agreement provisions. Defendant has assertedly refused to submit to arbitration. *See, e.g.*, ECF No. 13 at 6.

In early March, 2017 Defendant filed a second lawsuit in the District Court for the Middle District of Georgia, seeking a declaration that the Agreement was never effectively entered or rescission on the basis of fraud or mutual mistake, and seeking damages against Garrison for fraudulent inducement. EC No. 10 at 2-3; ECF No. 9-2. *See also* Nainesh Patel v. Garrison Investment Group, LP and Premier Hospitality Group – New Stanton II, Case No. 17-cv-00045-WLS. An extension was granted in the Georgia action for a time, apparently while the parties participated in unsuccessful May, 2017 mediation, after which Plaintiffs' Second Motion to Dismiss for Lack of Jurisdiction and their Second Motion to Compel Arbitration and to Stay These Proceedings, or in the Alternative, to Transfer Venue were filed and are pending. *See* ECF No. 13 at 7 & n. 2; ECF No. 1-2 at 4; Georgia Action Docket at No. 15, 16.

On May 8, 2017 Plaintiff filed, in the Court of Common Pleas of Westmoreland County, its Petition for Rule to Show Cause regarding arbitration. Defendant removed that State Court action on May 17, 2017 (ECF No. 1) and filed the pending Motion to Dismiss or Transfer (ECF No. 9).

## III.  ANALYSIS

Defendant contends in his Memorandum of Law in Support, ECF No. 10, that this action should be (a) removed for lack of personal jurisdiction and/or improper venue or (b) transferred to the District Court for the Middle District of Georgia under the first-filed rule or as "in the interest of justice" under a 28 U.S.C. Section 1404(a) analysis.  ECF No. 10 at 1, 7.

Defendant attests that he is a resident of Georgia, owns no property in Pennsylvania, directed no transaction-related contacts to anyone known to be within Pennsylvania, and is not otherwise subject to general or specific jurisdiction in Pennsylvania.  ECF No. 10 at 3-4.  Defendant errs, however, in that he is subject to specific personal jurisdiction by his transaction-related actions and express contractual consent.  *See* Burger King Corp v. Rudzewicz, 471 U.S. 462, 479 (1985); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites deGuinee, 456 U.S. 694, 703-04 (1982) (holding that contractual submission to jurisdiction of a given court waives the right to raise personal jurisdiction as a defense); Sam Mannino Enterprises v. John W. Stone Oil Distrib., LLC, 26 F. Supp. 3d 482, 485 (W.D. Pa. 2014); ECF No. 13 at 12-14 (providing thorough and correct recitation of application of the Due Process Clause, Pennsylvania's long-arm statute, 42 P.S.A. Section 5322(b), and case law on this point).

Similarly, Defendant attests that venue is improper because the action does not fall within a subsection of 28 U.S.C. Section 1391(b).  Here again, however, Defendant disregards the express provisions of the executed Agreement.  Further, Defendant's assertions of fraud in transaction-related representations, the consequences of the

5

parties' conduct on enforceability of the Agreement or entitlement to escrowed funds, and other allegations/claims - however colorable on the face of the initial pleadings and exhibits filed in this and other proceedings[2] – do not render the Agreement's provisions regarding jurisdiction, venue and arbitration a nullity. *Cf.* Moneygram Payment Sys., Inc. v. Consorcio Oriental, S.A., 65 Fed. Appx. 844, 847 (3d Cir. 2003) (noting that forum selection clause is unenforceable as result of fraud only where assent clause itself, as opposed to contract as a whole, is product of fraud or coercion) (citing Scherk v. Alberto–Culver Co., 417 U.S. 506, 519 n. 14, (1974)); ECF No. 10 at 11 (asserting that the forum section clause does not control because the Agreement "never became effective" owing to Plaintiff's failure to formally approve the transaction within the specified time). To the contrary, the broad arbitration provisions of this Agreement delegate "disputes or claims" regarding its "enforceability", as well as those regarding "interpretation" and "arbitrability", to arbitration. And as Defendant himself observes, the "Subject to Confirmation Addendum" (the "Addendum") requiring the seller's approval within fifteen (15) days – and as to which Defendant asserts non-compliance – "made the *transaction* 'subject to and contingent upon' [compliance with its terms]." Defendant's Reply Memorandum of Law in Support of Motion to Dismiss or Transfer, ECF No. 14 at 2 (emphasis added) ECF No. 13-2 at 10 (Addendum, stating that it "amends and supplements" the Agreement and specifying that "the transaction [was]

---

[2] *See, e.g.*, ECF No. 9-2 (Complaint in Georgia Action) at 3-6 (asserting seller's non-disclosures regarding additional financial obligations by Marriott hotel buyer under a new Property Improvement Plan within Marriott's franchise agreement rights).

subject to, and contingent upon Seller['s timely approval]"). Defendant would have this Court place the proverbial cart before the horse.[3]

More specifically, even if Defendant is ultimately upheld in his assertions regarding Plaintiff's failure to confirm/ratify (*e.g.*, if it is determined that Plaintiff's subsequent letters regarding the modified terms of earnest money payment did not constitute transactional-acceptance by the seller as required under the Addendum), the Agreement clearly contains provisions intended to have effect. For example, it provides for the disposition of earnest money in the *alternative* events of ratification or non-ratification. ECF No. 13-1. *See also* Addendum, ECF No. 13-2 at 10 (containing provisions for Seller's approval or disapproval/failure, with the latter resulting in termination of the Agreement on the specified "Decision Date" and return of Earnest Money). Pending Defendant's responsive pleading to the contrary, the effect of the parties' conduct - including, *e.g.*, delayed deposit of escrow, post-Agreement negotiations, and other delayed performance – on ratification and enforceability appear

---

[3] Plaintiff's assertions that this Court should rule on its Rule to Show Cause as to arbitration prior to addressing Plaintiff's Motion to Dismiss or Transfer also reflect sequential confusion. The Motions recently addressed by Judge Hardiman in Silfee v. Automatic Data Processing, Inc., 2017 WL 2544851 (3d Cir., June 13, 2017) - cited by Plaintiff for the proposition that a District Court errs in ruling on a defendant's Motion to Dismiss prior to a pending Motion to Compel Arbitration – are inapposite. The Motion to Dismiss before the Court in Silfee did not raise challenges to personal jurisdiction or venue/transfer, and both motions were filed by the same party. In Silfee, the Court of Appeals held that the District Court erred in denying defendant's Motion to Dismiss on the basis of the merits of the plaintiff's state law claim, prior to ruling on its Motion to Compel Arbitration, which presented a "gateway" issue to Court consideration of "the merits of the claim and any defenses". ECF No. 13-3, Ex. 2 (Silfee Opinion). *Cf.* California Action, *supra*, addressing dismissal on grounds of personal jurisdiction and not ordering arbitration.

at this juncture to have been committed to arbitration by clear mutual intent and consent. *See* ECF No. 13 at 4 (quoting Agreement provisions on "Arbitration of Disputes"); *see also, e.g.,* Dodds v. Pulte Home Corp., 909 A.2d 348, 350-51 (Pa. Super. 2006) (holding that fraud claims do not remove a dispute from an otherwise applicable arbitration clause); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22-24 (1983) (noting "liberal federal policy favoring arbitration agreements" and moving litigants "as quickly and easily as possible"). If, on the completion of responsive pleadings as to Plaintiff's Petition for Rule to Show Case, the matters proceed to arbitration, this Court will retain jurisdiction pending the outcome. Should the arbitrator then determine, *e.g.*, that Defendant's fraud or any other allegation is not subject to arbitration as it did not arise out of the Agreement, this Court would have exclusive jurisdiction as to any remaining issues. *Cf., e.g.,* Medtronic AVE Inc. v. Cordis Corp., 100 Fed. Ppx. 865, 869 (3d Cir. 2004) (noting "long line of cases [holding] that arbitrability is ultimately a question for the arbitrator").

The first-filed rule has been "grounded on equitable principles" and provides that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject matter must decide it." EEOC v. Univ. of Pa., 850 F.2d 969, 971, 977 (3d Cir. 1988). As the underlying Agreement provides exclusive jurisdiction, the first-filed rule is in applicable. Even it were applicable, which the Court expressly finds it is not, the Court would exercise its discretion to depart from it on the basis of Defendant's forum shopping and the mutual intent expressed in the Agreement. *Cf.* In the Matter of the Petition of the Home Ins. Co., 908 F.Supp. 180, 182 (S.D.N.Y. 1995) ("[O]nly the

8

district court where the arbitration will proceed may order arbitration.") (cited in Arentowicz v. Cap Gemini Ernst & Young U.S. LLC, 2004 WL 1834600, at *4 (D.N.J. July 16, 2004)); ECF No. 13 at 16 (citing preemptive or "forum avoidance" cases).

For reasons explicated above, the Court need not further consider weighing other private or public factors related to the potential appropriateness of a transfer of this action to the Middle District of Georgia. *Cf.* Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995); Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. Tex., 134 S. Ct. 568 (2013).

## IV.  CONCLUSION

Accordingly, Defendant's June 5, 2017 Motion to Dismiss or Transfer, ECF No. 9, will be denied by Order of even date herewith and, by the same Order, Defendant will be directed to respond to Plaintiff's Petition for Rule to Show Cause on or before September 14, 2017.

Dated:  August 15, 2017            BY THE COURT:


                                    /s/Lisa Pupo Lenihan
                                    LISA PUPO LENIHAN
                                    United States Magistrate Judge