# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PREMIER HOSPITALITY GROUP – NEW STANTON II, | Civil Action No. 2:17-cv-00645 |
| Plaintiff/Petitioner, | Magistrate Judge Lisa Pupo Lenihan |
| v. | |
| NAINESH PATEL, | ECF No. 25 |
| Defendant/Respondent. | |

| | |
|---|---|
| NAINESH PATEL, | Civil Action No. 2:17-cv-01431 |
| Plaintiff, | Magistrate Judge Lisa Pupo Lenihan |
| v. | |
| GARRISON INVESTMENT GROUP, LP. And PREMIER HOSPITALITY GROUP – NEW STANTON II, | ECF No. 35 |
| Defendants. | |

## MEMORANDUM OPINION ON
## MOTIONS TO COMPEL ARBITRATION

**I. SUMMATION**

For the reasons set forth below, the October 12, 2017 Motion to Compel Arbitration filed by Plaintiff Premier Hospitality Group ("Premier") in Action 17-645 at ECF No. 25, and the November 29, 2017 Motion to Compel Arbitration filed by

1

Defendant Garrison Investment Group ("Garrison") in Action 17-1431 at ECF No. 35 will be granted. As noted in this Court's August 15, 2017 Memorandum Opinion denying Defendant Nainesh Patel's Motion to Dismiss or Transfer (Action 17-645, ECF No. 15):[1]

> The August 10, 2016 Agreement of Purchase and Sale and Joint Escrow Instructions entered into by the parties (the "Agreement") includes "Governing Law and Venue" provisions which clearly grant this Court exclusive federal jurisdiction "for any legal controversy between [them] arising in connection with [said] Agreement." ECF No. 13, Declaration Ex. B, Section 19. The Agreement also contains facially broad "Arbitration of Disputes" provisions requiring the binding arbitration, in the County in which the relevant real property lies (*i.e.*, Westmoreland County, Pennsylvania) of disputes (including disputes/claims as to the Agreement's "interpretation, enforceability, and the arbitrability of disputes"). Id. at Section 11. As the relevant underlying Agreement provisions are not rendered a nullity by Plaintiff's allegations, however colorable, this Court retains specific personal jurisdiction over Plaintiff and is the exclusive federal court forum for claims arising in connection with the Agreement.

ECF No. 15 at 1-2. The arbitration provisions of the Agreement executed and entered into by Nainesh Patel ("Patel") and Premier are unambigous and encompassing, and the parties' subsequent disputes do not supplant, but are subject to, their terms. *See* ECF No. 25-1, Declaration of Charles Pomerantz, Ex. B (Agreement).

---

[1] Unless otherwise designated, all ECF No. references hereafter refer to documents filed in Action 17-645.

## II. FACTUAL AND PROCEDURAL HISTORY OF RELATED ACTIONS

As previously summarized[2] this action concerns a commercial real estate transaction in which Premier auctioned a hotel located in Westmoreland County, Pennsylvania. When the original high bid was withdrawn, Patel became the high bidder and executed the Agreement, but failed to deposit the "Earnest Money". The parties exchanged communications detailed in their pleadings, including executed and initialed copies of the Agreement, a Subject to Confirmation Addendum, and an Amendment extending the closing date,[3] and the money was deposited to escrow on September 8, 2016. The parties' differences were not resolved, Plaintiff declared Defendant in breach on October 24, 2016, and the hotel was sold to another purchaser.

On October 28, 2016, Patel filed a lawsuit in the District Court for the Central District of California which noted the arbitration provisions of the parties' Agreement, dismissed his claims against Premier for lack of personal jurisdiction, and stayed his claims against Garrison pending arbitration under the Agreement. Patel then voluntarily dismissed the California action.

On November 8, 2016, Premier filed a demand for arbitration with Judicial Arbitration and Mediation Services ("JAMS"), one of two arbitration entities designated in the Agreement. Patel disputes an obligation to arbitrate.

In early March, 2017 Defendant filed a second lawsuit in the District Court for the Middle District of Georgia, seeking a declaration that the Agreement was never

---

[2] *See* ECF No. 15 at 2-4.

[3] *See* ECF No. 25 at 2-3; ECF No. 25-1, Ex. B, G.

effectively entered into or rescission on the basis of fraud or mutual mistake, and damages against Garrison for fraudulent inducement. That action was initially stayed pending unsuccessful mediation, and was ultimately transferred to this Court in November, 2017. That litigation is now Civil Action 17-1431. *See* Action 17-1431, ECF No. 35.

On May 8, 2017 Premier filed, in the Court of Common Pleas of Westmoreland County, its Petition for Rule to Show Cause regarding arbitration. Patel removed that State Court action on May 17, 2017 and filed a Motion to Dismiss or Transfer in the Action designated in this Court as 17-645, which Motion was denied on August 15, 2017. *See* ECF No. 15. Thereafter, the parties unsuccessfully attempted mediation and Premier filed its Amended Motion to Compel Arbitration. *See* ECF No. 23 (Minute Entry for proceedings of October 5, 2017); ECF No. 25; ECF No. 27 (Report of Mediation).

**III. ANALYSIS**

Premier and Garrison contend that Patel is required to arbitrate in accordance with the provisions of Section 11 of the Agreement. In accordance with the provisions below, both parties indicated their intent to agree to binding arbitration under Paragraph B by initialing the Agreement in the places designated:

4

DISPUTE RESOLUTION.

A. MEDIATION. AT THE REQUEST OF EITHER PARTY, ANY DISPUTE ARISING UNDER THIS AGREEMENT SHALL BE FIRST SUBMITTED TO MEDIATION BEFORE RESORTING TO OR INITIATING ARBITRATION OR COURT ACTION. MEDIATION FEES SHALL BE DIVIDED EQUALLY AND EACH PARTY SHALL BEAR ITS OWN ATTORNEY'S FEES AND COSTS. NEITHER PARTY MAY REQUIRE BINDING ARBITRATION PRIOR TO COMMENCEMENT OF COURT ACTION, ALTHOUGH THE PARTIES MAY VOLUNTARILY MUTUALLY AGREE TO SUCH ARBITRATION BY INITIALING THIS SECTION AS SET FORTH HEREIN.

B. ARBITRATION OF DISPUTES. BUYER AND SELLER AGREE THAT ANY DISPUTE OR CLAIM IN LAW OR EQUITY ARISING BETWEEN THEM OUT OF THIS AGREEMENT SHALL BE DECIDED BY NEUTRAL, BINDING ARBITRATION HELD IN THE COUNTY IN WHICH THE PROPERTY LIES WITH AND UNDER THE COMMERCIAL DISPUTE RESOLUTION RULES OF JUDICIAL ARBITRATION AND MEDIATION SERVICES (JAMS) OR THE AMERICAN ARBITRATION ASSOCIATION (AAA). IN ADDITION, ANY DISPUTE ARISING OUT OF THIS AGREEMENT, INCLUDING ITS INTERPRETATION, ENFORCEABILITY, AND THE ARBITRABILITY OF DISPUTES BETWEEN THE PARTIES WILL BE DECIDED BY THE ARBITRATOR. JUDGMENT UPON THE AWARD RENDERED BY THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.

SUBJECT TO SECTION 11.A ABOVE, BY INITIALING IN THE SPACE BELOW, BUYER AND SELLER ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THIS "ARBITRATION OF DISPUTES" PROVISION DECIDED BY NEUTRAL BINDING ARBITRATION AS PROVIDED BY THE LAWS OF THE STATE IN WHICH THE PROPERTY LIES AND ARE GIVING UP ANY RIGHTS BUYER AND SELLER MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW, BUYER AND SELLER ARE GIVING UP THEIR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THIS "ARBITRATION OF DISPUTES" PROVISION. IF EITHER

**PARTY REFUSES TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, THAT PARTY MAY BE COMPELLED TO ARBITRATE. BUYER'S AND SELLER'S AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY.**

ECF No. 25-1, Pomerantz Decl., Exhibit B, § 11.

His present assertions to the contrary notwithstanding, Patel is obliged to arbitrate his transaction-related disagreements with Premier by his express contractual consent to the provisions of the executed Agreement. *Compare* Patel's Opposition to Motion to Compel Arbitration, ECF No. 28 at 1 ("Premier's motion to compel arbitration should be denied because there was never any agreement accepted by both parties."). The parties' transactional dealings subsequent to execution of the Agreement arose from it. As noted in this Court's previous Memorandum Opinion:

> [Patel's] assertions of fraud in transaction-related representations, the consequences of the parties' conduct on enforceability of the Agreement or entitlement to escrowed funds, and other allegations/claims - however colorable on the face of the initial pleadings and exhibits filed in this and other proceedings – do not render the Agreement's provisions regarding jurisdiction, venue and arbitration a nullity . . . . To the contrary, the broad arbitration provisions of this Agreement delegate "disputes or claims" regarding its "enforceability", as well as those regarding "interpretation" and "arbitrability", to arbitration. And as [Patel] himself observes, the "Subject to Confirmation Addendum" (the "Addendum") requiring the seller's approval within fifteen (15) days – and as to which Defendant asserts non-compliance – "made the *transaction* 'subject to and contingent upon' [compliance with its terms]." . . . ECF No. 13-2 at 10 (Addendum, stating that it "amends and supplements" the Agreement and specifying that "the transaction [was] subject to, and contingent upon Seller['s timely approval]").

ECF No. 15 at 5-6.

Although Patel now further asserts that he is not bound by the arbitration provisions of the August 10, 2016 Agreement because the Agreement was itself terminated by Premier's failure to timely approve the transaction,[4] this is a question of subsequent conduct and enforceability within the broad arbitration clause of the contract created between the parties. As this Court as previously noted, even if Patel is ultimately upheld in his assertions regarding Premier's failure to ratify the transaction (*e.g.*, if it is determined that Premier's subsequent communications did not constitute the transactional-acceptance required under the Addendum), the Agreement clearly contains provisions intended to have effect, including Section 11. See ECF No. 15 at 7. Any effect of the parties' subsequent conduct on their contractual obligations under the Agreement was committed to arbitration by clear mutual intent and consent. *See* id. at 7-8 (citing cases). And there is no genuine issue of fact regarding the arbitration agreement's existence. As Patel himself observes, the cases distinguish between "challenges to a contract's validity, which are arbitrable, and challenges to a contract's

---

[4] The Addendum provides that if Seller fails to approve the transaction within fifteen (15) days of August 10, 2016, the Agreement shall be deemed terminated without further action, and Buyer and Seller shall be relieved of any further liability and/or obligation to each other under the Agreement (other than those obligations which expressly survive the termination of the Agreement). *See* ECF No. 25-1, Ex. B. The Court notes Premier's August 16, 2016 and August 24, 2016 communications of its willingness to proceed with the transaction on Patel's deposit of the Earnest Money, which in fact Patel made shortly thereafter. ECF No. 25-1, Ex. D, E. It further notes the parties' subsequent execution of an Amendment extending the closing date beyond the September 13, 2016 date specified in the Addendum. ECF No. 25-1, Ex. G. More importantly, the Court observes that Patel's efforts to recast the question of Premier's compliance with the terms of the Addendum which "supplemented" the Agreement as a "failure to accept the [Agreement]" itself, such that the arbitration clause never took effect, are entirely misplaced. *Compare* ECF No. 28 at 1-2.

formation, which generally are not." ECF No. 28 at 3 (citing *SBRMCOA, LLC v. Bayside Resort, Inc.*, 707 F.3d 267, 274 (3d Cir. 2013)). The only genuine issues of fact in this action go to the Agreement's validity and are subject to arbitration by the parties' manifest consent.[5]

**IV. CONCLUSION**

Accordingly, the October 12, 2017 Motion to Compel Arbitration filed by Plaintiff Premier Hospitality Group ("Premier") in Action 17-645 at ECF No. 25, and the November 29, 2017 Motion to Compel Arbitration filed by Defendant Garrison Investment Group ("Garrison") in Action 17-1431 at ECF No. 35 will be granted by Order of even date herewith and, by the same Order, Defendant will be ordered to proceed to arbitration of his claim under the Commercial Dispute Resolution Rules of the Judicial Arbitration and Mediation Services ("JAMS") or the American Arbitration

---

[5] Patel's extensive citation to cases regarding the absence of a binding contract, without more, under an agreement containing an "acceptance clause", *i.e.*, language expressly requiring further approval/acceptance of the agreement *itself*, is inapposite. *See* ECF No. 28 at 4-6. *See also* ECF No. 28 at 11-13 (asserting that "Premier itself never consent to the [Agreement], so the [Agreement] never became binding between the parties"). Patel conflates the Addendum's supplemental conditions to closing the transaction with a "fail[ure] to comply with . . . conditions precedent to contract formation". ECF No. 28 at 12 (quoting *InfoComp, Inc. v. Electra Products, Inc.*, 109 F.3d 902, 905-06 (3d Cir. 1997) ("[W]hen an offeror fails to comply with its own conditions precedent to contract formation, that party may not claim the benefits of the proposed contract.")). Premier did not "propose[ ] a contract", it executed one. *Compare* ECF No. 28 at 12.

8

Association ("AAA") within forty-five (45) days, and this Court will retain jurisdiction pending the outcome.

Dated:   February 20, 2018                     BY THE COURT:

_____
LISA PUPO LENIHAN
United States Magistrate Judge